UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHLAND HOME MORTGAGE LLC, AND/OR ITS SUCCESSORS AND/OR ASSIGNEES IN INTEREST,<br><br>                     Plaintiff,<br>v.<br><br>VIDAL ZAVALA,<br><br>                     Defendant. | Case No.: 16cv425-JLS-BGS<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>(ECF No. 4) |

      Presently before the Court is Plaintiff's Motion for Second[1] Remand. (ECF No. 4.) The Court set a briefing schedule for this Motion on February 29, 2016. (ECF No. 5.) Defendant's response to Plaintiff's Motion was due on March 17, 2016. (*Id.*) Defendant failed to timely file a responsive brief. The Court vacated the hearing and took this matter under submission pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 6.)

      Defendant removed this action from the Superior Court of California, County of San Diego on February 18, 2016. (Notice of Removal, ECF No. 1.) Plaintiff filed its Motion to Remand on February 25, 2016. Plaintiff contends that removal was improper because it

---

[1] The Court notes that, despite the title of Plaintiff's Motion, this appears to be Plaintiff's third motion to remand.

was untimely and this Court lacks subject matter jurisdiction over this unlawful detainer action. (Mot. at 1–2.) Plaintiff states that this is the third time Defendant has improperly removed this action. (*Id.* at 2.) Obviously, the first two removals resulted in remand orders. (*See id.*)

The Court concludes that it lacks subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's Complaint does not present a federal question and under 28 U.S.C. § 1332 because both Plaintiff and Defendant appear to be California citizens, so diversity of citizenship is lacking. Further, removal was untimely because Defendant was required to file a notice of removal in this action by April 25, 2015, and failed to do so. *See* 28 U.S.C. § 1446(b).

Additionally, Defendant has consented to the granting of this Motion under Civil Local Rule 7.1(f)(3)(c). Civil Local Rule 7.1(e)(2) requires "each party opposing a motion" to file his opposition and serve the movant at least fourteen days before the noticed hearing date. Civil Local Rule 7.1(f)(3)(c) provides: "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Thus, Defendant consented to the granting of this Motion by failing to file a timely response. *Cf. United States v. Warren*, 601 F.2d 471, 473 (9th Cir. 1979) (upholding dismissal of indictments pursuant to a district court local rule stating that failure to timely oppose motions is deemed consent to the motion).

Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand. The Court **HEREBY REMANDS** this action to the Superior Court of California, County of San Diego.

**IT IS SO ORDERED.**

Dated: April 4, 2016

Hon. Janis L. Sammartino
United States District Judge